UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SCOTT GILMOR, on behalf of himself
and all others similarly-situated,

                                      Plaintiff,

        -against-

AERO SNOW REMOVAL LLC d/b/a
AERO SNOW REMOVAL TEMP PERSONNEL, LLC,

                                      Defendant.
------------------------------------------------------------------X

Case No.: 22-cv-00727

**COMPLAINT**

Plaintiff, on behalf of himself and all others similarly situated, by his attorneys, Bell Law Group, PLLC, as and for his Complaint against AERO SNOW REMOVAL LLC d/b/a AERO SNOW REMOVAL TEMP PERSONNEL, LLC ("AERO") (referred to collectively herein as "Defendant"), respectfully alleges upon knowledge as to himself and upon information and belief as to all other matters as follows:

### NATURE OF THE ACTION

1. This action is brought by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), on behalf of himself, and all others similarly situated, to seek redress against Defendant for systematic failure by Defendant to provide the required overtimes wages, as well as for the failure to provide accurate wage statements and wage theft prevention act notification in violation of the FLSA and NYLL.

2. Plaintiff worked for Defendant - - a snow removal company- - as a non-exempt employee from December 12, 2020, through November 13, 2021. During his employment, Defendant required Plaintiff to work, and Plaintiff indeed did work, at least forty hours per week while being paid according to an hourly rate for those hours worked each week up to forty.

1

However, Defendant *only sometimes* paid Plaintiff a rate of *at most* five cents more per hour for those hours worked over forty in a week while he was employed by Defendant. Thus, Defendant failed to pay Plaintiff at a rate of one and one half his regular hourly rate for hours worked in a week over forty in violation of the FLSA and the NYLL. Moreover, Plaintiff did not receive an accurate wage theft prevent act notification at the time of hiring and did not receive accurate wage statements each week in violation of the NYLL.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

4. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant conduct significant business within this judicial district.

## PARTIES

6. At all relevant times, Plaintiff was and still is a resident of the County of Suffolk, State of New York.

7. At all relevant times, Plaintiff has been a covered employee within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*.

8. At all relevant times, Defendant was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York.

9. At all relevant times, Defendant was and still is authorized to transact business in the State of New York.

10. At all relevant times, Defendant was and still is transacting business within the State of New York and maintains a principal place of business at 165 Cantiague Rock Road, Westbury, New York 11590. Defendant has registered 122 East 42nd Street, 18th Floor, New York, New York, 10168, c/o Cogency Global Inc., with the State of New York to receive service of process.

11. At all relevant times, Defendant has been a covered employer within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq.* and employed Plaintiff. Additionally, at all relevant times, Defendant has been engaged in interstate commerce within the meaning of the FLSA, has employed at least two employees, and has had an annual dollar volume of sales or business done of at least $500,000.

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. Defendant - - the operator of a snow removal company - - operates the facility located at 165 Cantiague Rock Road, Westbury, New York 11590.

13. Plaintiff was hired by Defendant as a non-managerial and non-exempt employee on December 12, 2020, and worked in that role until November 13, 2021. In this role, Plaintiff assisted in removing snow from the properties of Defendant's client during the winter months for a total of approximately fourteen weeks.

14. For the duration of Plaintiff's employment, Defendant required Plaintiff to work, and Plaintiff did in fact work, at least four days per week during December to March of those years, typically for at least 70 hours per week and at times as much as 106 hours in a week.

15. Also, for the duration of Plaintiff's employment, Defendant paid him $25-38.95 per hour for hours worked up to forty in a week, utilizing a complicated scheme that varied his hourly rate from week to week.

16. However, throughout his employment, Defendant failed to pay Plaintiff at a rate of one- and one-half times his regular rate for all hours he worked over forty in a week. Instead, Defendant *sometimes* paid Plaintiff a higher hourly rate for some, but not all, overtime hours worked, and some of the overtime hours were paid a premium of less than time and one half his regular hourly rate.

17. For example, for the week beginning February 7, 2021 and ending February 13, 2021, Plaintiff worked a total of 90.75 hours. That week, Defendant paid Plaintiff a flat hourly rate of $25 per hour for the first 40 hours, and paid him $25.05, an extra five cents per hour, for 50.75 overtime hours. Those overtime hours should have been paid at a rate of $37.50 per hour, which is time and a half his regular hourly rate.

18. In some cases, Plaintiff was actually paid a *lower* hourly rate for overtime hours compared to his regular hours. For example, for the week beginning March 14, 2021 and ending March 20, 2021, Plaintiff worked a total of 77.5 hours. For that week, Defendant paid him an hourly rate of $38.95 for the first 40 hours, paid an hourly rate of $53.08 for 32 hours of overtime, but paid him only $30 per hour, *below* his regular hourly rate, for 7.5 hours of overtime.

19. Defendant paid Plaintiff on an irregular and inconsistent basis by check.

20. Plaintiff was entitled to be paid at least one and one-half times the minimum wage rate and/or the regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

21. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours

per workweek and was entitled to receive overtime wages.

22. Defendant regularly failed to pay Plaintiff overtime wages of one and one-half times the minimum wage rate and/or the regular hourly work rate of pay for all hours that Plaintiff worked in excess of forty (40) per workweek in violation of the FLSA and NYLL.

23. At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to NYLL 195(1).

24. At all relevant times, Plaintiff was entitled to accurate wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address, and phone number of the employer; and itemized allowances and deductions pursuant to NYLL 195(3).

25. Plaintiff was not provided an accurate wage theft prevention act notification at the time of hiring, nor was he provided accurate wage statement on each payday while working for Defendant.

26. Defendant acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

27. Defendant's violations of the FLSA and the NYLL are willful since their employees' have previously made complaints about these violations, but no corrective action was taken.

28. Each hour that Plaintiff worked was for Defendant's benefit.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendant pursuant to 29 U.S.C. §216(b).

30. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

31. Plaintiff brings the FLSA claims on behalf of himself and others similarly situated, namely employees of Defendant who worked as laborers and/or any non-exempt positions for the period of time dating back either three or six years - - depending on the Court's ruling - - from the filing date of this Complaint until the date of final judgment in this matter, and who were not paid overtime wages for hours worked in excess of forty (40) hours per week and who do not opt out of this action (hereinafter referred to as the "Gilmor Collective").

32. Upon information and belief, the Gilmor Collective consists of at least one additional individual who is similarly situated to Plaintiff having not been paid all overtime wages owed and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

33. Defendant may have failed to pay overtime to employees other than those in Gilmor Collective, and Plaintiff reserves the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

34. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

35. Those similarly situated potential collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings the state law claims on behalf of himself and other similarly situated as a representative of a class of all non-exempt workers employed by Defendant within the six years prior to the filing of this complaint.

37. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiff seeks the certification of a class of all persons who, during the time period dating back six years from the filing date of this Complaint until the date of final judgment in this matter, have been employed by Defendant as non-managerial and non-exempt positions; worked overtime and were not paid one and one-half times the minimum wage rate or hourly rate of pay; were not provided wage payment statements; and were not provided with notices of pay rate upon the commencement of their employment (hereinafter referred to as the "Gilmor Class").

38. Upon information and belief, the Gilmor Class includes at least forty (40) similarly situated individuals who have not been paid overtime wages, spread of hours wages and who have not received wage payment statements or wage theft prevention act notifications, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

39. The class is so numerous as to make it impracticable to join all members of the class as Plaintiff.

40. There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendant have acted on grounds generally applicable to all class members, in that Defendant's acts and omissions constitute a violation of the wage laws of the State of New York.

41. Common questions of law and fact include, but are not limited to, the following:

A. Whether Defendant has consistently failed to pay Plaintiff and class members overtime wages at one and one-half times the minimum wage rate set by the NYLL or their regular rate of pay, whichever was higher, as required by the NYLL;

B. Whether Defendant failed to provide Plaintiff and class members with accurate wage payment statements as required by the NYLL;

C. Whether Defendant has failed to provide Plaintiff and class members proper notice of their rate of pay and basis thereof at the time of hire as required by the NYLL; and

D. Whether Defendant has, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation.

42. Plaintiff's overtime wages, wage payment statements, and wage rate notification claims and Defendant's anticipated affirmative defenses thereto are typical of the claims of and against all class members.

43. Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiff is similarly situated with, and have suffered similar violations and damages as, the members of the class Plaintiff seek to represent.

44. Plaintiff has retained counsel capable of handling class action suits. Neither Plaintiff nor his counsel have an interest which is in conflict with the class, or which might cause them not to vigorously pursue this action.

45. Pursuant to F.R.C.P. 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

46. Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting

only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COLLECTIVE- AND CLASS-WIDE FACTUAL ALLEGATIONS

47. Plaintiff and members of the Gilmor Class and Gilmor Collective defined above (collectively, "Gilmor Group") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and NYLL by denying them pay, including overtime wages, and failing to provide them with wage payment statements and hiring wage rate notifications.

48. As part of its ongoing business practice, Defendant has intentionally, willfully, and repeatedly harmed Plaintiff and the Gilmor Group by violating the FLSA and/or the NYLL.

49. Defendant has substantially benefitted and profited from the work that Plaintiff and Gilmor Group have performed.

50. Defendant failed to keep accurate records of the hours worked by the Plaintiff and the Gilmor Group.

51. Defendant's unlawful conduct, policies and practices have been widespread, repeated, and consistent.

52. Defendant's conduct, policies, and practices as described herein are ongoing and continuing.

**53.** Defendant's conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiff and the Gilmor Group.

## AS AND FOR THE FIRST CAUSE OF ACTION
*Unpaid overtime wages owed pursuant to the FLSA*

54. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

55. At all relevant times, Plaintiff and the Gilmor Collective was an "employee" of the Defendant within the meaning of 29 U.S.C. § 203(e).

56. At all relevant times, Defendant was an "employer" and employed Plaintiff and the Gilmor Collective within the meaning of 29 U.S.C. § 203(g).

57. At all relevant times, Plaintiff and the Gilmor Collective have been engaged in interstate commerce while working for Defendant and this subjects Defendant to the requirements of the FLSA.

58. At all relevant times, Defendant was subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

59. Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

60. Plaintiff and the Gilmor Collective were entitled to be paid one and one-half Plaintiff's or the Gilmor Collective's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

61. Defendant required Plaintiff and the Gilmor Collective to work more than forty (40) hours a week, and Plaintiff and the Gilmor Collective regularly worked more than forty (40) hours a week throughout their employment.

62. At no time during their employment have Plaintiff and the Gilmor Collective been paid by Defendant at a rate of one and one-half times the minimum wage rate and/or Plaintiff and the Gilmor Collective's hourly rate of pay for all of the hours Plaintiff and the Gilmor Collective worked in excess of forty (40) hours per week.

63. Defendant willfully, knowingly, and intentionally did not compensate Plaintiff and

the Gilmor Collective for overtime at a rate of one and one-half times Plaintiff and the Gilmor Collective's hourly rate of pay for all of the hours Plaintiff and the Gilmor Collective worked in excess of forty (40) hours per week.

64. As a result of Defendant's violations of the law and failures to pay Plaintiff and the Gilmor Collective required regular and overtime wages, Plaintiff and the Gilmor Collective have been damaged and are entitled to recover from Defendant all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

65. As Defendant did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Gilmor Collective was in compliance with the law, Plaintiff and the Gilmor Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

66. Members of the Gilmor Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consent to Join forms in this action pursuant to 29 U.S.C. § 216(b).

**AS AND FOR THE SECOND CAUSE OF ACTION**
*Unpaid overtime wages owed pursuant to the NYLL*

67. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

68. At all relevant times, Plaintiff was an "employee" of the Defendant within the meaning of the NYLL.

69. At all relevant times, Defendant was an "employer" and employed Plaintiff within the meaning of the NYLL.

70. At all relevant times, Defendant was subject to the overtime wage requirements set forth in Article 19 of the NYLL.

71. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

72. Plaintiff was entitled to be paid one and one-half times his regular rate for any hours worked in excess of forty (40) in any workweek.

73. Defendant required Plaintiff to work more than forty (40) hours a week, and Plaintiff worked more than forty (40) hours a week throughout his employment.

74. Defendant regularly failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all of the hours worked in excess of forty (40) hours per week.

75. Defendant willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

76. As a result of Defendant's violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendant all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

77. As Defendant did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

### AS AND FOR THE THIRD CAUSE OF ACTION
*Wage Statements Violation under NYLL § 195(3)*

78. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

79. At all relevant times, Plaintiff was an "employee" of the Defendant within the meaning of the NYLL.

80. At all relevant times, Defendant was an "employer" and employed Plaintiff within the meaning of the NYLL.

81. Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

82. Defendant failed to furnish accurate wage statements to Plaintiff in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of his full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

83. The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

84. As Defendant failed to provide proper wage payment statements under NYLL 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs, and interest.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
*Wage Theft Prevention Act Notification Violation under NYLL § 195(1)*

85. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

86. At all relevant times, Plaintiff was an "employee" of the Defendant within the meaning of the NYLL.

87. At all relevant times, Defendant was an "employer" and employed Plaintiff within the meaning of the NYLL.

13

88. NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

89. Defendant failed to furnish such a statement to Plaintiff in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

90. The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

91. As Defendant failed to provide Plaintiff with a proper notice under NYLL 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs, and interest.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated persons, seek the following relief:

A. That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Gilmor Collective. Such notice shall inform the Gilmor Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B. On the First Cause of Action on behalf of Plaintiff and Gilmor Collective members against Defendant, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum; and

    C.  Such other and further relief as is just and proper.

Dated: Garden City, New York
         February 9, 2022

                                      Respectfully submitted,

                                      BELL LAW GROUP, PLLC

                                      By: */s/ Frank J. Tantone*
                                      Frank J. Tantone, Esq. (FT 3474)
                                      Laura R. Reznick, Esq.
                                      *Attorneys for Plaintiff*
                                      100 Quentin Roosevelt Boulevard, Suite 208
                                      Garden City, New York 11530
                                      (516) 280-3008
                                      ft@Belllg.com